IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEREMY SHANE FOGLEMAN**                                                                  **PLAINTIFF**

v.                                              CIVIL ACTION NO. 1:16-cv-186-HSO-JCG

**THREE RIVERS TOWING and JERRY
ALLEN, SR.**                                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915A. *Pro se* Plaintiff Jeremy Shane Fogleman is incarcerated with the Mississippi Department of Corrections (MDOC) at the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. The Court has considered and liberally construed the pleadings. As set forth below, the undersigned United States Magistrate Judge recommends that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff Jeremy Shane Fogleman is an inmate currently incarcerated with MDOC at CMCF. He proceeds *pro se* and *in forma pauperis.* Plaintiff filled out a civil rights Complaint pursuant to 42 U.S.C. § 1983, naming as defendants Three Rivers Towing and Jerry Allen, Sr. In his Complaint, he alleges that Defendants towed his car from the scene of an accident[1] to Defendants' storage yard on July 8, 2015. Plaintiff asserts that he purchased the car – a 2012 Chevrolet Camaro Super

---

[1] The accident Plaintiff references is the incident that led to his arrest and current incarceration. Plaintiff was operating the motor vehicle at excessive speed and crashed into another motor vehicle, killing one occupant and seriously injuring the other. Plaintiff is serving a 5-year sentence for fleeing a law enforcement officer.

Sport – for the below-market price of $21,705.00 on July 7, 2015, "with the sole intention of reselling the vehicle for a profit." (ECF No. 1, at 5). Plaintiff says that he sought to have the car preserved as evidence in his state court criminal case, but that Defendants "allowed parts and property" to be taken from the car. *Id.* at 7. Further, he asserts that Defendants unlawfully sold the vehicle without any notice to him or his family. *Id.* at 7-8. Plaintiff initiated this action against Defendants pursuant to 42 U.S.C. § 1983 and seeking damages for "the value of the vehicle after [the] accident" whatever else the Court deems appropriate. *Id.*at 5.

## II. DISCUSSION

Because Plaintiff is a prisoner proceeding *in forma pauperis* in this Court, the Prison Litigation Reform Act (PLRA) applies. Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code). The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

"[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Plaintiff's Complaint is therefore subject to *sua sponte* dismissal under § 1915.

Mr. Fogleman sues Three Rivers Towing and Jerry Allen, Sr. – the alleged owner of Three Rivers Towing – pursuant to 42 U.S.C. § 1983, which provides monetary and injunctive relief for the deprivation of any individual's constitutional rights under color of state law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To allege a § 1983 claim, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Absent either element, a claim is not cognizable under § 1983.

Plaintiff cannot state a civil rights claim cognizable under § 1983 against Three Rivers Towing and Jerry Allen, Sr. for allegedly allowing property to be taken from his car and thereafter selling the car. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mftrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks omitted). Defendants Three Rivers Towing is a private business, and Jerry Allen, Sr. is a private citizen who owns a private business.[2] As such, their conduct did not occur under color of state law for purposes of §1983. *See Richardson v. Hunt Cty., Tex.*, No. 3:09-CV-2342-K, 2010 WL 1779409, at *3 (N.D. Tex. Apr. 6, 2010), *report and recommendation adopted,* No. 3:09-CV-2342-K, 2010 WL 1779403 (N.D. Tex. Apr. 30, 2010) (finding that a towing company was a private business and therefore not a state actor for purposes of §1983). Plaintiff's claims pursuant to § 1983 should therefore be dismissed for failure to state a claim for which relief can be granted.

---

[2] For purposes of Section 1983, private action may be deemed state action
> only where the challenged conduct may be "fairly attributable to the State." The fair attribution test has two parts: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state."

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982)). Three Rivers Towing and Jerry Allen, Sr. are not alleged to have exercised some right or privilege created by any state or municipal entity, and no state or municipal entity is responsible for them. Additionally, none of the formulas for determining whether seemingly private conduct may be charged to the state suggest that the conduct of Three Rivers Towing or Jerry Allen, Sr. is chargeable to the state. *See id.* at 241-42.

Out of an abundance of caution, the Court also notes that were Plaintiff to instead assert state law claims and diversity jurisdiction pursuant to 28 U.S.C. § 1332,[3] Plaintiff has failed to allege a sufficient amount in controversy. Section 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." Plaintiff asserts that Defendants towed Plaintiff's car, unlawfully allowed property to be taken from it while impounded, and unlawfully sold it. Plaintiff states that he paid $21,705 for the car, a 2012 Camaro, and that he wants to recoup the value of the vehicle after the accident. Even assuming arguendo that Plaintiff could establish the existence of complete diversity of parties, Plaintiff has failed to assert that the amount in controversy exceeds $75,000. His articulated damages stem only from the alleged conversion of his property, which was certainly worth less than its purchase price after being involved in an accident.

## III. RECOMMENDATION

Given that Plaintiff has failed to state a claim under 42 U.S.C. § 1983, and there being no other plausible basis for this Court's jurisdiction over the alleged claims, the undersigned recommends that Plaintiff's claims be dismissed with prejudice. This dismissal should therefore count a strike pursuant to 28 U.S.C. § 1915(g).

---

[3] In his Motion to Proceed, Transfer, or Dismiss (ECF No. 4), Plaintiff stated [all sic in original], "If suit/complaint does not fall under under 42 U.S.C. § 1983 the Plaintiff being that he is a resident of California, although current detained in Mississippi requests that [the case] be transferred, and continued under appropriate subject matter jurisdiction." (ECF No. 4, at 2).

IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 1st day of February, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE