IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEREMY SHANE FOGLEMAN**                                                                  **PLAINTIFF**

v.                                                             CIVIL NO. 1:16cv186-HSO-JCG

**THREE RIVERS TOWING, JOHN DOES I - X, and**
**JERRY ALLEN, SR.**                                                                        **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19] AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [19] of United States Magistrate Judge John C. Gargiulo, entered on February 1, 2017, recommending that pro se Plaintiff Jeremy Shane Fogleman's ("Plaintiff") Complaint [1] be dismissed for failure to state a claim under 42 U.S.C. § 1983 and for lack of federal diversity jurisdiction under 28 U.S.C. § 1332, and further recommending that Plaintiff be assessed a strike pursuant to 42 U.S.C. § 1915(g). R. & R. [19] at 1-5.   Defendant Jerry Allen, Sr., has filed a Response [23] supporting the Report and Recommendation.  Plaintiff has not filed an objection and time for doing so has passed.  After due consideration of the Report and Recommendation [19], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that Plaintiff's claims should be dismissed with prejudice.

I.     BACKGROUND

On June 2, 2016, Plaintiff, proceeding pro se and *in forma pauperis*, filed a Complaint [1] asserting claims against Defendants Three Rivers Road, John Does I – X, and Jerry Allen, Sr. ("Defendants") ostensibly pursuant to 42 U.S.C. § 1983.

On February 1, 2017, the Magistrate Judge entered a Report and Recommendation [19], recommending that Plaintiff's Complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 in that no Defendant was acting under color of state or federal law as to any claim alleged by Plaintiff.  For these reasons,  the Magistrate Judge concluded that the Complaint failed to state a claim under Section 1983.

Alternatively, in the event Plaintiff was somehow attempting to assert a claim against Defendants pursuant to the Court's federal diversity jurisdiction under 28 U.S.C. § 1332, the Magistrate Judge recommended dismissal because the damages allegedly suffered by Plaintiff are less than the jurisdictional minimum amount in controversy of $75,000.00.  Finally, the Magistrate Judge recommended that Plaintiff be assessed a strike pursuant to 42 U.S.C. § 1915(g) for filing a frivolous and malicious Complaint.  R. & R. [19] at 1-5.

A copy of the Report and Recommendation was mailed to Plaintiff at his address of record via certified mail on February 1, 2017, and the Acknowledgment of Receipt [20] was filed on February 6, 2017.  Plaintiff has not objected to the Report and Recommendation, and the time for doing so has passed. On February

10, 2017, Defendant Jerry Allen, Sr., filed a Response [23] that did not raise any objection to the Report and Recommendation.[1]

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. This Court will adopt the Report and Recommendation and dismiss this case for the reasons stated by the Magistrate Judge.

---

[1] Defendant's Response [23] reiterates what he stated in his Answer [18], specifically that he was called by the Gulfport Police Department on or about July 8, 2015, to tow the vehicle at issue and was "ordered by the Gulfport Police to hold the car b/c they had to take fingerprints, pictures[,] etc." Response [23] at 1. Apparently after the police released the vehicle, Defendant sold the vehicle at auction in September 2015 after having followed "all procedures to notify owner (sic)," and then the legal requirements to sell the "abandoned" vehicle at auction. *Id*. at 2-4. Defendant submits documentation to support his version of events. The Court finds that Defendant's interaction with the Gulfport Police Department was insufficient, standing alone, to create a presumption that Defendants were acting under color of state law.

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [19], entered in this case on February 1, 2017, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Jeremy Shane Fogleman's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this Civil Action is **DISMISSED WITH PREJUDICE** and Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).  A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 27th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE